**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WADLEY CRUSHED STONE** | ) | |
| **COMPANY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-852-DAB** |
| | ) | |
| **POSITIVE STEP, INC. d/b/a** | ) | |
| **1st QUALITY EQUIPMENT** | ) | |
| **COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wadley Crushed Stone Company, LLC, sues Defendants, Positive Step, Inc. d/b/a

1st Quality Equipment Company ("Positive Step") and Thomas W. Curley ("Curley") for breach

of contract and misrepresentation.  (Doc. 46).  Before the court is Defendants' Motion to Dismiss

Plaintiff's Third Amended Complaint (Doc. 49) and Plaintiff's Conditional Motion for Leave to

Amend Complaint (Doc. 53).   The matters have been fully briefed by the parties, and the court

heard argument on September 25, 2018.  For the reasons that follow, the court **grants** the motion

to dismiss (Doc. 49) and **grants** the motion for leave to amend (Doc. 53).

## I.    Jurisdiction

This matter was removed to this court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

(Doc. 1).  The jurisdiction of the court is invoked based upon diversity of citizenship and an amount

in controversy in excess of $75,000. *Id.* ¶ 6.  The parties do not contest personal jurisdiction or

venue, and the court finds sufficient information of record to support both.  *See* 28 U.S.C. § 1391.

## II.     Background and Statement of Facts[1]

Plaintiff Wadley Crushed Stone ("Wadley") is an Alabama corporation doing business as a granite rock quarry. (Doc. 46, ¶¶ 1, 5). Defendant Positive Step is a Georgia corporation that holds itself out as having experience in the aggregate business, helping customers increase productivity, reduce costs, and maintain high production through the selection of the highest quality new and used equipment. *Id.* ¶¶ 2, 7. Defendant Curley is a citizen of Georgia and the owner of Positive Step. *Id.* ¶ 3.

In 2012, Defendants contracted to provide Wadley a portable granite plant to be located on Wadley's property in Wadley, Alabama.[2] *Id.* ¶ 9. Wadley advised Defendants the plant needed to produce 500 tons-per-hour of merchantable granite rock that consisted of 60% railroad quality ballast capable of being loaded directly into railcars at 2000 tons-per-hour. *Id.* ¶ 10.

As part of their contract with Wadley, Defendants specified the equipment and hired engineering consultants to recommend the layout for the granite quarry and the equipment needed to meet specified production and loadout requirements. *Id.* ¶ 13. The plant was completed and put into operation in late 2012. *Id.* ¶ 14. Defendants represented that the equipment sold to Wadley had a 20-year useful life. *Id.* ¶ 15.

After installation, the equipment specified in the contract was found to be incapable of producing the represented production and loadout capabilities. *Id.* ¶ 16. Over the years, Defendants claimed quarry management and operators were the cause of Wadley's problems, and not any deficiency in the equipment or design by Positive Step. *Id.* ¶ 18. In reliance upon

---

[1] The statement of facts is taken from the Third Amended Complaint. (Doc. 46).
[2] Wadley does not attach a copy of the contract to its complaint. Defendants attached a copy of the "Agreement" between the parties to their brief in support of the motion to dismiss. *See* Doc. 50-1. The Agreement was signed January 12, 2012, by Perry Donahoo, as managing member of Wadley.

representations by Defendants that the plant could reach production and loadout requirements, Wadley purchased additional equipment from Defendants and delayed replacing the inadequate equipment originally specified. *Id.* ¶ 19. Ultimately, Wadley had to cease using the equipment and layout provided by Positive Step and replace it with equipment that was capable of handling the granite mined on its property. *Id.* ¶ 20. As a result, Wadley suffered financial damages due to loss of sales and additional operating costs. *Id.* ¶ 21.

Wadley initially filed suit against the corporate Defendant on November 15, 2017, in the Circuit Court for Randolph County, Alabama. (Doc. 1-1). Positive Step removed the case to this court, answered and counterclaimed. (Docs. 1, 7). Plaintiffs filed a First Amended Complaint on December 27, 2017, which Defendant answered January 11, 2018. (Docs. 10, 13).[3] The court granted Plaintiff leave to file a second amended complaint, which Plaintiff filed in May 2018, adding Thomas Curley as a named Defendant. (Docs. 32, 33). In its Third Amended Complaint filed June 12, 2018,[4] Wadley sues Defendants for breach of contract due to their failure to provide a portable granite plant that could produce 500 tons-per-hour (Count I) and their failure to design and provide equipment for a rail ballast loadout system that could load 2,000 tons of granite per hour (Count II). (Doc. 46 at 5–7). Additionally, Wadley sues Defendants for misrepresentation (Count III) as to the amount of granite per hour that could be produced by the portable granite plant and the amount of granite that could be loaded per hour into rail cars. *Id.* at 7–8.

Defendants move to dismiss the Third Amended Complaint arguing Counts I and II are due to be dismissed because they are barred by the applicable four-year statute of limitations. (Doc.

---

[3] The only substantive change from the original complaint was to correct the name of the Defendant to be Positive Step, Inc. d/b/a 1st Quality Equipment Company. *See* Doc. 34 at 2.

[4] The only change from the Second to Third Amended Complaint was to delete one fact from paragraph 22. *See* Doc. 46 at 1.

49). Defendants previously raised a statute of limitations defense in their Answer and Affirmative Defenses. *See* Docs. 7, 13, 36. Additionally Defendant Curley contends Counts I and II are due to be dismissed as to him because those Counts fail to allege any facts indicating that Curley was a party to the contract. Defendants move to dismiss Count III for failing to plead the fraud claim with specificity as required under the federal rules.

## III.   Legal Standard

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In considering a motion to dismiss, the court is ordinarily limited to evaluation of matters alleged in the operative complaint. In appropriate cases, the court may also take into account additional matters presented in support of the motion when those matters are intrinsic to the claims and not reasonably in dispute. In this case, the agreement between the parties was included with the Motion to Dismiss and its terms and status as the basis for the parties' contract is not disputed. It will therefore be considered herein.

## IV.   Analysis

Positive Step moves to dismiss the breach of contract claims in Counts I and II arguing the provisions of the Uniform Commercial Code ("UCC") govern Wadley's claims here and Wadley's

claims are untimely under the UCC. (Doc. 50 at 5). Specifically, Positive Step argues that because Wadley's allegations show it failed to file its complaint within the four-year applicable statute of limitations, dismissal is warranted.

As a preliminary matter, this court, sitting in diversity, will apply the choice of law rules of the State of Alabama where it sits. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Alabama's choice of law rules, the law of the forum governs procedural matters. *Reece v. Intuitive Surgical, Inc.*, 63 F. Supp. 3d 1337, 1339 (N.D. Ala. 2014) (citing *Middleton v. Caterpillar Indus., Inc.*, 979 So.2d 53, 57 (Ala. 2007)). In Alabama, it is generally recognized that statutes of limitations are procedural. *Randolph v. Tennessee Valley Auth.*, 792 F. Supp. 1221, 1222 (N.D. Ala. 1992).

Regardless of which state's law applies here, both Alabama and Georgia have adopted the UCC's statute of limitations, which sets forth that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." ALA. CODE § 7-2-725(1); GA. CODE ANN. § 11-2-725. By the allegations of the Third Amended Complaint, the contract was entered into in 2012 and the granite plant was in operation in late 2012. (Doc. 46, ¶¶ 9, 14). Wadley did not file suit until November 2017. (Doc. 1-1).

Positive Step contends the agreement between the parties is one for "goods" as defined under the UCC. "Goods means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." ALA. CODE § 7-2-105; GA. CODE ANN. § 11-2-105. At the hearing, Wadley argued that a granite plant is not moveable and therefore does not qualify as "goods" under the UCC. Additionally, Wadley contends that whether the UCC applies in the first instance is a fact-intensive inquiry not appropriate at this stage in the proceedings. Wadley attempts to distinguish this case from one governed by the UCC arguing that

it is not claiming the equipment was defective or that Positive Step manufactured the equipment, but rather that it sought Positive Step's expertise in providing design services and equipment recommendations for layout of its granite plant. Thus, Wadley contends the UCC does not apply, and even if it does, Wadley submits it has sufficiently alleged facts supporting the four-year statute of limitations would be tolled by Defendants' fraudulent concealment.

As described in the Third Amended Complaint and the Motion to Dismiss, this case concerns the purchase and sale of a granite aggregate processing plant. Though not limited to the machinery, the parties' commercial arrangement principally related to physical goods sold and delivered by Positive Step. Absent some countervailing circumstances, such arrangements are treated as the sale of goods subject to the dictates of Article 2 of the Uniform Commercial Code, even if ancillary services are provided and even though some of the goods delivered take on characteristics of fixtures.

Claims under Article 2 are subject to a four-year statute of limitations. Wadley has not alleged any factual basis to take Counts I and II out of this limitation, though in briefing and argument some additional matters were raised in avoidance. Accordingly, as to these Counts the Motion to Dismiss is due to be **GRANTED**. Based on the history of the pleadings, the Court would not readily allow a further opportunity to amend as to these issues. However, due to the disposition of the remaining claims noted below, Wadley will be afforded a final opportunity to allege any additional facts it believes (consistent with the dictates of Rule 11, Fed. R. Civ. P.) could avoid application of this statute of limitations.

As for the claims against Defendant Curley individually, the Court finds Plaintiff's factual allegations lacking as it pertains to Curley's personal liability. Wadley argues that Curley did not sign the agreement "as president," but the court observes these facts are not adequately alleged in

the Third Amended Complaint.  Thus, dismissal without prejudice of the claims against Curley is appropriate.  The court will allow Wadley the opportunity to amend, if it chooses, to attempt to plead facts demonstrating Curley's individual liability for Plaintiff's claims.

Finally, as to the claims in Count III for misrepresentation, Defendants argue this count should be dismissed for failing to meet Rule 9's requirements of pleading fraud with specificity.  This was not an argument raised by Positive Step in its response to the initial complaint or the First Amended Complaint, and thus is arguably waived.  As Defendant Curley was only recently added as a party, however, this is the first opportunity he has had to respond to this issue.  Because the court is granting Wadley one more opportunity to amend, Wadley should ensure the allegations of Count III satisfy the requirements of Fed. R Civ. P. 9.

## V.     Conclusion and Order

For the reasons stated, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 49) is **granted**; and Plaintiff's Conditional Motion for Leave to Amend Complaint (Doc. 53) is **granted**.  The court will allow Plaintiff one more opportunity to allege facts that support individual liability against Curley, the tolling of the four-year statute of limitations, and/or to support that the UCC does not apply to the subject contract.

Plaintiff is directed to file its Fourth Amended Complaint as a separate docket entry within 14 days of the date of this order.  Defendants shall file its responses to the Fourth Amended Complaint within 14 days of the date it is filed.

**DONE** and **ORDERED** this 2nd day of November, 2018.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE